IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID A. CROWE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 16-cv-00142-SMY |
| ) | |
| THIRD JUDICIAL CIRCUIT COURT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff David A. Crowe is currently incarcerated at the Madison County Jail (Doc. 1). He brings this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671–2680. The FTCA provides jurisdiction for suits against the United States regarding torts committed by federal officials. The only named defendant herein, however, is the Third Judicial Circuit of Madison County, Illinois. Therefore, Crowe's claim does not fall within the jurisdiction of the FTCA and shall be dismissed with prejudice.

Crowe should be aware that, so far as his complaint seeks release from custody, it may be that his proper recourse for relief in the federal courts would be through a federal habeas corpus case after presenting his claim to the Illinois state courts (including the Illinois Appellate Court and the Illinois Supreme Court).

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's complaint shall be **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted under the FTCA. This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien,* 133 F.3d at 467. A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: February 26, 2016**

> s/ STACI M. YANDLE
> **STACI M. YANDLE**
> **United States District Judge**